**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

CALVIN CLARK,

    Plaintiff,

v.                                                           Case No. 21-10690

STATE OF MICHIGAN 7TH JUDICIAL CIRCUIT
COURT and HONORABLE JUDGE JOHN A.
GADOLA,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Plaintiff Calvin Clark alleges that state court proceedings before Hon. Judge John A. Gadola of the 7th Circuit Court of Genesee County have resulted in Plaintiff losing custody of his children. (ECF No. 1, PageID.5.) In the complaint, Plaintiff claims that Judge Gadola did not appoint him counsel, and he alleges Defendants 7th Circuit Court and Judge Gadola have violated the Sixth Amendment. (*Id.*, PageID.4-5.) Plaintiff asks the court to order Judge Gadola to recuse himself from the ongoing state proceedings, declare orders from Judge Gadola null and void, and order the return of Plaintiff's children to his custody. (*Id.*, PageID.6.)

On March 19, 2021, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2.) The court has reviewed the application and will grant the request. When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted." *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)).

A complaint "fails to state a claim on which relief may be granted" when, "constru[ing] the complaint in the light most favorable to the plaintiff and accept[ing] all factual allegations as true," the complaint is not "plausible on its face." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Because sovereign immunity "implicates important questions of federal-court jurisdiction and federal-state comity," the court can dismiss a claim *sua sponte* on the basis of sovereign immunity. *Colvin v. Caruso*, 605 F.3d 282, 289-90 (6th Cir. 2010); *accord Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Plaintiff alleges that Defendants violated his constitutional rights by taking custody of his children without providing Plaintiff the assistance of counsel. (ECF No. 1, PageID.5.) In the complaint, Plaintiff states that he continues to be harmed while Judge Gadola's custody orders remain in effect, and he asks that this court order a replacement for Judge Gadola as the presiding judge in the custody proceedings. (*Id.*, PageID.5-6.)

2

First, the court will dismiss without prejudice Plaintiff's claim against Defendant 7th Circuit Court. Sovereign immunity for state governments, as provided under the Eleventh Amendment, is "firmly enshrined in our constitutional framework and shields the States from private lawsuits absent their consent or permissible abrogation by Congress." *Crabbs v. Scott*, 786 F.3d 426, 428-29 (6th Cir. 2015) (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 752-53 (2002)). The immunity bars suits against state governments for monetary damages and injunctive relief. "The Eleventh Amendment on its face applies equally to suits in law and equity." *Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996)).

"A state court is an arm of the state, entitled to Eleventh Amendment immunity." *Howard v. Commonwealth of Va.*, 8 F. App'x 318, 319 (6th Cir. 2001) (citing *Mumford v. Basinski*, 105 F.3d 264, 267-70 (6th Cir. 1997)). The Sixth Circuit held in *Pucci v. Nineteenth District Court* that, given the interest in protecting states' sovereign dignity, Michigan trial-level courts are entitled to sovereign immunity, even when the courts receive funding from local municipalities. 628 F.3d 752, 761-64 (6th Cir. 2010); *see also Dolan v. City of Ann Arbor*, 407 F. App'x 45, 46 (6th Cir. 2011) (dismissing suit against an Ann Arbor trial-level court on sovereign immunity grounds). Thus, Defendant 7th Circuit Court, a Michigan trial court, is an arm of the state and entitled to sovereign immunity.

"The Sixth Circuit has largely followed the 'jurisdictional bar' approach to sovereign immunity." *Colvin*, 605 F.3d at 289-90 (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). "A dismissal for lack of jurisdiction does not operate as

3

an adjudication on the merits," *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000) (quoting Fed. R. Civ. P. 41(b)), and dismissal on grounds of sovereign immunity is without prejudice. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (holding that there is a "heavy presumption" that dismissal of claim against a state government on sovereign immunity grounds is "without prejudice"). The court will dismiss Plaintiff's claim against Defendant 7th Circuit Court without prejudice.

Applying the *Younger* abstention doctrine, the court will also dismiss Plaintiff's claims against Judge Gadola. Considering the need to avoid unnecessary interference in state court proceedings and the interest in "preserv[ing] equity and comity," federal courts abstain under the *Younger* doctrine from hearing constitutional challenges to state proceedings when "(1) [the] proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368-69 (6th Cir. 2017).

It is well established that "[t]he temporary removal of a child in a child-abuse context is in aid of and closely related to criminal statutes," and *Younger* abstention applies where, as here, a plaintiff challenges a state court's decision to revoke a parent's child custody. *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) (quotations removed). In fact, the Supreme Court in *Moore v. Sims* held that the *Younger* doctrine applied to constitutional challenges to a Texas state court proceeding to remove children from the custody of their parents due to alleged abuse. 442 U.S. 415, 419-22, 434-35 (1979). The Court vacated a district court injunction that ordered the children to be returned to their parents and halted the Texas

4

state proceedings. *Id.* Since the *Moore* decision, the Sixth Circuit has repeatedly applied *Younger* abstention to constitutional challenges of state court proceedings involving disputes over child custody and abuse. *See Hall v. Beast*, 116 F. App'x 557, 558 (6th Cir. 2004) ("As this case involves state issues of domestic relations, child custody and abuse, we agree that the Younger abstention doctrine governs this case."); *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204-05 (6th Cir. 2001) (affirming a district court's application of *Younger* to a lawsuit seeking the return of a child to her parent's custody after a state court placed the child under the supervision of local children's services); *Kelm v. Hyatt*, 44 F. App'x 415, 419-21 (6th Cir. 1995) (holding that *Younger* applied to a challenge of state court divorce proceedings that allocated property and child custody, noting that "traditional domestic relations issues qualify as important state issues").

Plaintiff asks that this court reverse Judge Gadola's outstanding orders in a child custody dispute and appoint a new judge "to oversee [the] case." (ECF No. 1, PageID.6.) Accepting the factual allegations in the complaint as true, *Ashcroft*, 556 U.S. at 678, the court finds that state court proceedings are pending, the proceedings involve significant state interests in supporting child welfare, and Michigan courts are fully capable of reviewing the constitutional claim Plaintiff asserts in this case. *Doe*, 860 F.3d at 368-69; *Moore*, 442 U.S. at 434-35; *see also In re Eggenberger/Clark*, Case No. 351120, 2020 WL 2601945 (Mich. Ct. App. May 21, 2020) (reviewing a constitutional challenge by the mother of Plaintiff's children to state court child custody determinations); *In re H.R.C.*, 781 N.W.2d 105, 115 (Mich. Ct. App. 2009) (analyzing a claim that child custody proceedings violated the Sixth Amendment's guarantee to the

5

right of counsel). Thus, the court will abstain at this time from resolving Plaintiff's Sixth Amendment claim against Judge Gadola.

When *Younger* abstention is warranted, "[i]f the plaintiff[] seek[s] equitable relief, such as an injunction, then the district court may exercise its discretion and decide whether to dismiss the case." *Nimer v. Litchfield Tp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "A dismissal based on *Younger* is without prejudice." *Aaron v. O'Connor*, 914 F.3d 1010, 1020-21 (6th Cir. 2019) (quotations removed). Here, Plaintiff seeks only equitable remedies and does not ask for compensatory damages. (ECF No. 1, PageID.6.) Consequently, the court will dismiss the claim against Judge Gadola without prejudice. Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

                                              s/Robert H. Cleland             /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: May 3, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 3, 2021, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-10690.CLARK.SummaryDismissal.RMK.docx